Wright, J.,
delivered tbe opinion of tbe Court.
There is no error in this judgment. Tbe defendants below, with others, constituted a joint stock company to build a bridge. Tbe funds to build it were raised by subscription, and tbe company duly organized, the defendants and others being tbe members of tbe company. For some time after its organization, it . remained and acted without any charter of incorporation, but was subsequently incorporated. In its unincorporated state, this company made a written contract with McCoy to furnish tbe materials and construct tbe bridge.
The Circuit Judge held tbe defendants liable to McCoy individually, and disregarded tbe position assumed in their behalf, that tbe corporation was to be sued. In this be was right. It is well settled, that where an association, which has existed as a mere co-partnership, becomes incorporated, and tbe corporation then accepts an assignment of all tbe property of' such- association, for tbe purpose of. carrying out their object, they are primarily, and jointly and severally liable for all tbe debts incurred before tbe act of incorporation. In such a case, tbe responsibility of tbe corporation for contracts previously made with tbe association, does not become substituted so as to exempt tbe members from individual liability. Angelí and Ames on Corporations, §§ 592, 593, 594. And it does not change tbe case, that tbe members of the company bad it in view to procure a *604 future act of incorporation, when it was first formed. Angelí and Ames on Corporations, § 592. Nor is the case changed by the fact that while the bridge remained in an unfinished and imperfect state, a new agreement was made with McCoy, that if he would perform certain extra wort, the company would receive the bridge and pay him according to the terms of the original contract, for this must necessarily refer to the original contract, and can only be regarded as a mode of executing it; and not as a new and independent stipulation.
It follows from these principles, that the Circuit' Judge did not err in instructing the jury that it was competent for Broyles, one of the defendants, to receive the bridge, and that his act would bind the other members of the company. 1 Greenl. Ev. §§ 174-112.
Upon the whole, we find no error in this record, and affirm the judgment.